UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS SANCHEZ LOPEZ,<br><br>                       Petitioner,<br><br>       v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>                 Respondents. | Case No. 5:26-cv-04023-SSC<br><br>MEMORANDUM AND ORDER |

On July 18, 2026, Petitioner Angel de Jesus Sanchez Lopez, through counsel, filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1] who is in immigration detention in Adelanto, California. (*Id.* at 2.)

The petition alleges the following facts. Petitioner was arrested by immigration authorities and placed in removal proceedings on June

---

[1] Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien." *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

14, 2026. (*Id.* at 4.) Petitioner was arrested "without a warrant or an independent assessment of whether Petitioner was a flight risk." (*Id.*) On July 14, 2026, an immigration judge denied Petitioner's request for a custody redetermination based on lack of jurisdiction pursuant to *Matter of Yajure Hurtado.* (*Id.*; ECF 1-1 at 9–10.) Petitioner alleges that he is a member of the certified class in *Maldonado Bautista.* (ECF 1 at 6.)

The petition raises two claims: (1) warrantless arrest without probable cause of flight risk in violation of 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii); and (2) detention without statutory basis (citing *Maldonado Bautista*). (*Id.* at 5–8.) Petitioner seeks release, among other relief, including costs and attorney's fees under the Equal Access to Justice Act.[2] (*Id.* at 8–9.)

In their answer, Respondents do not address the petition's claims directly, but agree that Petitioner appears to be a *Maldonado Bautista* class member. (ECF 8 at 2.) Respondents contend that "[w]hile Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)" and that "[t]o the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." (ECF 8 at 2–3.)

---

[2] To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

Petitioner filed a reply.  (ECF 9.)  Petitioner contends that "Respondents in failing to assert that there was an arrest warrant, or provide evidence of such an arrest warrant, implicitly concede that no such warrant exists." (*Id.* at 2.)  Petitioner argues that "[i]mmediate release is the appropriate remedy when there is a warrantless arrest in violation of 8 U.S.C. § 1357(a)(2)." (*Id.*)  Petitioner also contends that immediate release, and not a bond hearing, is required because "[t]he immigration judge has already violated the law in denying the right to a bond hearing."  (*Id.*)

The Court finds the matter suitable for disposition without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15.

## II

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1), (3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III

Because both parties identify Petitioner as a *Maldonado Bautista* class member (ECF 1 at 6; ECF 8 at 2), the Court construes the § 2241 petition as unopposed on that claim.  In that posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on grounds or terms other than those stated and provided in *Maldonado Bautista* cases.  *See, e.g., Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026) (granting petition and ordering § 1226(a) bond hearing where

"Respondents concede[d] that Petitioner is . . . entitled to a bond hearing under the reasoning of *Maldonado Bautista*").

Moreover, consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026). There is no cause—and Respondents offer none—to give Petitioner a lesser or different form of relief than that being given to other detainees that Respondents have similarly conceded are subject to the *Maldonado Bautista* judgment.

Petitioner, however, argues for a different form of relief, arguing that only release can cure his harms. The Court disagrees. The facts and nature of the violation here militate in favor of a conditional order of release in the form of a bond hearing before an immigration judge. Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases). Further, prompt, post-deprivation process can cure certain pre-deprivation due

process deficiencies.  *See Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"); *Aguilar v. Semaia*, No. 5:26-cv-00023-MCS-SSC, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing).

Accordingly, the Court exercises its discretion to issue a conditional order of release requiring a bond hearing as described below.  A neutral immigration judge can determine, on a more developed record, whether Respondents had the authority to re-detain Petitioner and whether Petitioner is entitled to bond.  If Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals.

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **August 4, 2026**, he is provided with an individualized bond hearing at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings.

DATED: July 28, 2026

_____

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE